IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

KAREN ROSNECK,

                Plaintiff,

v.                                        OPINION and ORDER

TONY EVERS, REBECCA BLANK,            19-cv-702-jdp
ANDREW PETERSON, RAY CROSS,
and JOEL BRENNAN,

                Defendants.

---

Pro se plaintiff Karen Rosneck, an advanced library service assistant (LSA) at the University of Wisconsin-Madison, alleges that university staff members have discriminated against her on the basis of her age and sex over the past 25 years by failing to properly classify her as a professional librarian or provide her with career advancement opportunities. Rosneck also alleges that her constitutional right to due process was violated by university staff and state and federal administrative agencies and courts in handling her complaints. She brings claims under the Age Discrimination in Employment Act (ADEA), a sex discrimination claim under 42 U.S.C. § 1981, and procedural due process and equal protection claims under 42 U.S.C. § 1983.

Rosneck names as defendants high-ranking state government and university officials: Tony Evers, the Wisconsin governor; Rebecca Blank, chancellor of the University of Wisconsin-Madison; Andrew Peterson, president of the University of Wisconsin System Board of Regents; Ray Cross, (now former) president of the University of Wisconsin System; and Joel Brennan, secretary of the Wisconsin Department of Administration. Defendants have filed a motion to dismiss the case under Federal Rule of Civil Procedure 12(b)(6) for Rosneck's failure

to state a claim upon which relief can be granted. Dkt. 5. I will grant this motion in part and dismiss most of Rosneck's claims. But I will give Rosneck a chance to submit an amended complaint fixing the problems with her claims regarding age discrimination in hiring for temporary librarian positions.

## ALLEGATIONS OF FACT

In her complaint, Rosneck alleges the following.

Rosneck works in UW-Madison's General Library System (GLS). Rosneck successfully appealed the reclassification of her paraprofessional advanced LSA-4 position to a lower title at a Wisconsin Employment Relations Commission (WERC) hearing in 1995. After this hearing, University of Wisconsin officials repeatedly denied her promotion to a professional-classified librarian position. The state Department of Administration issued an "anonymous directive" that prohibited the use of the classified librarian title in the UW System even though that job title appears to remain available to employees under other legal agreements related to library staffing. Rosneck says that was meant to retaliate against her and to discriminate against her and her peers, women over the age of 40.

In 1997, GLS introduced an intern program that limited the assignment of temporary professional academic librarian positions to individuals who graduated from a library science master's degree program within the past year. The implementation of this program excluded Rosneck from consideration for these positions. In 1995 and 2001, GLS officials also did not interview Rosneck for Slavic cataloger and Slavic librarian positions despite her Slavic language expertise and her qualification for the roles. The GLS instead hired younger men.

Since at least 2002, Rosneck repeatedly filed sex and age discrimination claims in various Wisconsin state courts and agencies and argued that Wisconsin statutes classify her position as professional and entitle her to "career advancement in a classified service structure." Dkt. 1, ¶¶ 8, 20–38. These courts and agencies have concluded that the university properly acted in its discretion in choosing the "best fit" for the positions and not promoting Rosneck. Rosneck lists various instances of the adjudicators' failure to follow the proper standards and abide by statutory requirements. She also alleges that a clerk at the Court of Appeals for the Seventh Circuit "sabotaged" her petition by "trashing" it or returning it to her. *Id.*, ¶¶ 22–23.

ANALYSIS

A motion to dismiss under Rule 12(b)(6) weighs the legal sufficiency of a complaint rather than its truthfulness: I must accept all well-pleaded facts in the complaint as true and then examine whether those allegations state plausible claims for relief. *Firestone Fin. Corp. v. Meyer*, 796 F.3d 822, 826 (7th Cir. 2015). I am not required to agree with legal conclusions or conclusory allegations that simply recite the elements of a claim. *Id.* at 826–27.

Defendants raise a host of problems with Rosneck's allegations. Not all of the flaws are particularly serious; for instance, they point out that § 1981 is not the proper statute for bringing a sex discrimination claim. But pro se plaintiffs are generally not required to plead legal theories in their complaints. *Small v. Chao*, 398 F.3d 894, 898 (7th Cir. 2005). Rosneck already brings a constitutional sex discrimination claim under § 1983 and she could also bring claims under Title VII of the Civil Rights Act of 1964. So I wouldn't dismiss the complaint for this reason.

But there are other more significant problems that doom most of her asserted claims. The only defendants that she names in her complaint are high-ranking university and state officials, none of whom appear to have any responsibility for any of the decisions that Rosneck says are harming her. Under § 1983, Rosneck can sue individuals who violated her constitutional rights. But the statute does not establish a system of vicarious responsibility: liability depends on each defendant's personal knowledge and actions. *Burks v. Raemisch*, 555 F.3d 592, 593–94 (7th Cir. 2009).

Rosneck alleges that she copied some of the defendants in emails describing her claims to the Court of Appeals for the Seventh Circuit. It is unlikely that Rosneck's emails to some of the highest-ranking officials in the state made them aware of her situation, and even if defendants did know of these circumstances, they wouldn't be directly responsible for addressing the problem. The governor, UW chancellor, and other defendants generally appoint others to handle these concerns. "Bureaucracies divide tasks" and no one can insist that "one employee do another's job." *Id.* at 595. So Rosneck fails to state a constitutional claim against any of the defendants in their individual capacities.

These individuals are also not proper defendants for Rosneck's damages claims under Title VII. Rosneck has to name her employer, and under state statute that is the UW System Board of Regents. *See Garner v. State*, 2011 WI App 1, ¶ 2, 330 Wis. 2d 833, 794 N.W.2d 927. And Rosneck cannot bring damages claims at all under the ADEA, because those claims are barred by sovereign immunity. *Kimel v. Fla. Bd. of Regents*, 528 U.S. 62, 73 (2000); *Gore v. Ind. Univ.*, 416 F.3d 590, 591–92 (7th Cir. 2005). So at the moment, she has not properly stated claims for damages under any of her proposed legal theories.

Most of what she alleges are discrete actions that happened in the distant past, at least eight years and as much as 25 years prior to the filing of this complaint. She says that classification policies, including the Department of Administration's "anonymous directive," have blocked her from being reclassified as a librarian, for either discriminatory or retaliatory reasons. I take her to be saying that those policies may still affect her—although she does say in her brief that because "campus HR has been converting positions to locally devised titles with the University's new, independent personnel system, the question of reclassifying her position to the state's classified 'Librarian' title may be moot at this point." Dkt. 7, at 14.

Plaintiffs may bring claims for injunctive relief under the *Ex parte Young* doctrine. *Peirick v. Indiana Univ.*, 510 F.3d 681, 695 (7th Cir. 2007); *Ex parte Young*, 209 U.S. 123 (1908). Under *Ex parte Young*, a state official can be sued in an official capacity to correct an ongoing violation of federal law if the official has "some connection" with the challenged violation. *See Entm't Software Ass'n v. Blagojevich*, 469 F.3d 641, 644–45 (7th Cir. 2006). But it's almost certain that none of the currently named defendants would be proper defendants for injunctive-relief claims regarding the deprivations at issue here. And Rosneck would also need to explain that she is currently being harmed by a violation of federal law. Virtually none of her allegations meet that standard.

Many of her allegations, particularly those that concern classification decisions, involve injuries to her that have already been litigated. Rosneck's allegations regarding rulings by state and federal courts against her discrimination claims suggest that those claims would be barred under the doctrine of claim preclusion. Rosneck has recently lost two appeals in the Wisconsin court system that cover much of the same ground as her complaint in this court. *Rosneck v. LIRC*, 2019 WI App 48, 388 Wis. 2d 476, 934 N.W.2d 579; *Rosneck v. WERC*, 2018 WI App

5

71, 384 Wis. 2d 632, 922 N.W.2d 315. She also discusses contacts she had with the clerk of court for the Court of Appeals for the Seventh Circuit, but she has not filed a valid appeal there. In fact, that court has barred her from filing "petitions for other extraordinary writs" or any other challenges to state court decisions. *See Rosneck v. Wisconsin*, No. 20-2183 (7th Cir. July 8, 2020).

Even if her discrimination claims weren't about events occurring long ago that were already subject to state-court appeals, Rosneck doesn't describe enough about the nature of the policies or how she knows that they were meant to discriminate or retaliate against her for me to conclude that she states a claim for relief under any of her legal theories. Because Rosneck fails to state a plausible claim for relief regarding most of her allegations, particularly her allegations that she was discriminated against in her reclassification denials, I will dismiss those parts of her case for her failure to state a claim upon which relief may be granted.

Rosneck also attempts to bring due process claims, alleging that defendants have "sabotaged her efforts to seek relief from the state's oversight agencies and courts, since campus and GLS human resources officials repeatedly have cited this undocumented, anonymous directive of uncertain origin as their rationale for continuing to seek a 'best fit' for her position." Dkt. 1, at 4. To state a procedural due process claim, Rosneck must show "a cognizable property interest, a deprivation of that interest, and a denial of due process." *Palka v. Shelton*, 623 F.3d 447, 452 (7th Cir. 2010) (citation omitted). Rosneck does not allege facts suggesting that she has a property interest in a librarian position, nor does she show that there is any process she was supposed to receive that she did not.

The one set of claims that I will not immediately dismiss from this case concern Rosneck's allegation that the library system continues to maintain an "intern program" that

6

gives temporary professional academic librarian positions only to very recent graduates, which I infer means that older qualified people would likely be left out. Based on her current allegations, Rosneck might be able to state claims under ADEA, Title VII, and Fourteenth Amendment equal protection theories regarding this alleged discrimination. But she doesn't name individuals who could support claims for damages by being personally involved in the deprivation, and she doesn't name officials close enough to the discriminatory actions to be proper defendants for the claims for injunctive relief. And even these claims suffer from Rosneck's failure to explain how this discrimination affected her.

Federal Rule of Civil Procedure 8(a)(2) requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief." And allegations "must be presented with intelligibility sufficient for a court or opposing party to understand whether a valid claim is alleged and if so what it is." *Vicom, Inc. v. Harbridge Merchant Serv's, Inc.*, 20 F.3d 771, 775 (7th Cir. 1994). With regard to her "intern program" claims, Rosneck does not explain how the hiring process harms her: she is a permanent university employee but she says this program is for *temporary* professional academic librarians. Rosneck doesn't say that she applied for these jobs and was turned down, or even that she would be willing to take that type of temporary job over her current permanent one.

I won't dismiss the intern-program claims completely. Instead, I'll give Rosneck a short time to submit an amended complaint that fixes the problems discussed above. Rosneck should draft her amended complaint as if she were telling a story to people who know nothing about the events at issue. In particular, she should specifically explain which individual state officials discriminated against her, and she should name those people as defendants. She should explain whether she is actually interested in the temporary positions that she says are discriminatorily

7

given to recent graduates. She should name each specific decision—whether it be the adoption of a policy or a specific job she lost out on—that she intends to raise a discrimination or retaliation claim about, and she should state when that decision happened. She should also how she knows that defendants discriminated against her or retaliated against her with regard to each adverse decision.

If Rosneck fails to amend her complaint or the amendment continues to have the same problems, I will dismiss the entire case.

ORDER

IT IS ORDERED that:

1. Defendants' motion to dismiss, Dkt. 5, is GRANTED in part. Plaintiff Karen Rosneck's claims are DISMISSED except her age discrimination claims about a library "intern program" giving positions to recent graduates.

2. Plaintiff may have until October 21, 2020, to file an amended complaint that fixes the problems with her intern-program claims discussed in the opinion above.

Entered this 29th day of September, 2020.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge