IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

KAREN ROSNECK,

                Plaintiff,

v.                                             OPINION and ORDER

LISA CARTER and                            19-cv-702-jdp
UW SYSTEM BOARD OF REGENTS,

                Defendants.

---

Pro se plaintiff Karen Rosneck, an advanced library service assistant at the University of Wisconsin–Madison, alleges that defendants have discriminated against her by restricting certain internship positions to recent college graduates. I dismissed parts of Rosneck's first complaint, but I allowed Rosneck to file an amended complaint. Defendants now move to dismiss the amended complaint for failure to state a claim upon which relief can be granted. Dkt. 12. I will grant the motion to dismiss.

ANALYSIS

A motion to dismiss under Rule 12(b)(6) weighs the legal sufficiency of a complaint rather than its truthfulness: I must accept all well-pleaded facts in the complaint as true and then examine whether those allegations state plausible claims for relief. *Firestone Fin. Corp. v. Meyer*, 796 F.3d 822, 826 (7th Cir. 2015). I am not required to accept legal conclusions or conclusory allegations that simply recite the elements of a claim. *Id*. at 826–27.

A. **Claims dismissed previously**

Many of the allegations in Rosneck's amended complaint relate to claims that I have already dismissed. Rosneck again alleges that the classification of her position as a professional

librarian by the Board of Regents and the failure to interview her for positions as a Slavic Cataloger and Slavic librarian were violations of the ADEA and Title VII. Dkt 11, ¶¶ 6–9. Rosneck has not alleged additional facts that would change my analysis of these claims or my rulings dismissing them.

B. **Claims related to the internship program**

In my previous order, I gave Rosneck the opportunity to allege additional facts related to an internship program run by the UW library system. Dkt. 8, at 7. I allowed Rosneck to amend her complaint to identify the individuals who were personally involved in the alleged deprivation of her rights and to say whether she was still interested in a temporary internship position. *Id*.

In her amended complaint, Rosneck identifies Lisa Carter as the individual who was personally involved in the deprivation of Rosneck's rights. Rosneck also says that she would have been willing "many years ago" to leave her permanent position to accept a temporary internship, but that receiving the position now would serve no useful purpose. Dkt. 14 at 2–3. Rosneck asserts claims against the Board of Regents under the ADEA and against Carter under 42 U.S.C. § 1983.

Rosneck's claim against the Board of Regents must be dismissed. As I explained in my previous ruling, Rosneck cannot bring a claim for damages against the state under the ADEA because damages claims are barred by sovereign immunity. *Kimel v. Fla. Bd. of Regents*, 528 U.S. 62, 73 (2000); *Gore v. Ind. Univ.*, 416 F.3d 590, 591–92 (7th Cir. 2005). Rosneck could bring claims for injunctive relief under the *Ex parte Young* doctrine, but Rosneck does not seek injunctive relief. *Peirick v. Indiana Univ.*, 510 F.3d 681, 695 (7th Cir. 2007); *Ex parte Young*, 209 U.S. 123 (1908). As Rosneck explains, she is no longer willing to leave her permanent position

to accept a temporary internship. Dkt. 14, at 3. Because I am unable to grant the relief that Rosneck seeks, I must dismiss Rosneck's claim against the Board of Regents.

Rosneck also brings a claim under 42 U.S.C. § 1983 against Lisa Carter. To recover damages under § 1983, Rosneck must show that the defendant was personally involved in the deprivation of a constitutional right or the violation of a federal statute. *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995) (citing *Jones v. City of Chicago*, 856 F.2d 985, 992 (7th Cir. 1988)). But § 1983 does not establish vicarious responsibility, which makes officials or entities liable for the acts of subordinates: liability depends on each defendant's personal knowledge and actions. *Burks v. Raemisch*, 555 F.3d 592, 593–94 (7th Cir. 2009).

Rosneck's amended complaint fails to allege that Carter was personally involved the violation of Rosneck's rights. Rosneck alleges that Carter has been notified of the internship program's discriminatory practices through listening sessions that Carter has conducted and through emails sent to the Seventh Circuit Court of Appeals and to Carter herself. Dkt. 14, at 4. Rosneck also alleges that since Carter's hiring in 2018, Carter has continued to restrict the library's internship program to recent college graduates. Dkt. 14, at 3.

But even if Carter were aware that the internship program was discriminatory (and it's not clear that it is), Carter was not involved in the violation of Rosneck's rights. Rosneck alleges that she would have accepted an internship position "many years ago" but that acceptance of the position now would serve no useful purpose. Dkt. 14, at 3. Rosneck says that she was no longer interested in the internship position by the time Carter was hired, so Carter was not involved in any decision to exclude Rosneck from the internship program.

Because Rosneck has not been interested in the internship position for many years, her claim would also be barred by the statute of limitations. The last time that Rosneck alleges that

she asked to participate in the internship program was in 2001, when Rosneck emailed the GLS associate director for administration asking about these internships. Dkt 11, ¶ 9. Wisconsin's six-year personal rights statute of limitations applies to a claim under § 1983. *Gray v. Lacke*, 885 F.2d 399, 409 (7th Cir. 1989). Rosneck cannot allege that any person, including Carter, was personally involved in any decision to exclude Rosneck from the internship program within the last six years because Rosneck has not asked to participate in the internship program for 20 years.

Even after I allowed Rosneck to file an amended complaint, Rosneck has failed to state a claim upon which relief can be granted.

ORDER

IT IS ORDERED that:

1. Defendants' motion to dismiss, Dkt. 12, is GRANTED.
2. The clerk of court is directed to enter judgment accordingly and close the case.

Entered July 6, 2021.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge